UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 25-22272-CV-WILLIAMS/GOODMAN

ANA M. CRUZ-LENDON,

     Plaintiff,

v.

SERVICE EMPLOYEES INTERNATIONAL
UNION, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S <u>MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS</u>

In this Americans with Disabilities Act ("ADA") action, Plaintiff Ana M. Cruz-Lendon ("Plaintiff") filed a Motion for Default Judgment against Defendants Service Employees International Union ("SEIU"), United Healthcare Workers East ("UHWE"), and 1199 SEIU Training and Employment Funds ("1199 SEIU" and collectively "Defendants"). [ECF No. 12 ("Motion")].

United States District Judge Kathleen M. Williams referred Plaintiff's Motion to the Undersigned for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 14]. As explained below, the Undersigned **respectfully**

**recommends** that Judge Williams **deny** the Motion [ECF No. 12] **without prejudice** and consequently **dismiss** the Complaint [ECF No. 1] (albeit without prejudice).

## I.    Background

Plaintiff brought "this action pursuant to Title I, EEOC, Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117" against Defendants. [ECF No. 1, ¶ 1]. Her Complaint alleges the following Counts: (Count I) against SEIU for violating Title I, EEOC, Americans with Disabilities Act of 1990; (Count II) against UHWE (same); (Count III) against 1199 SEIU (same); (Count IV) against SEIU for hostile and abusive working environment; (Count V) against UHWE (same); (Count VI) against 1199 SEIU (same); (Count VII) against SEIU for reprisal and retaliation for engaging in protected activities; (Count VIII) against UHWE (same); and (Count IX) against 1199 SEIU (same).

Plaintiff alleges that she is disabled under the ADA, and that Defendants wrongfully "terminated her from her employment when she sought compliance with her requests for reasonable accommodation and, [sic] where any claimed non-performance or deficiencies in her performance were a result of her incapacity/disability, or of the Defendant's [sic] wrongful conduct." *Id*.

After Plaintiff filed suit against Defendants, each Defendant failed to appear and until recently,[1] failed to participate in this action. [ECF Nos. 1; 7; 8; 9]. Therefore, the Clerk entered a default against each Defendant, and the Court instructed Plaintiff that any motion for default judgment "**must** reference specific legal authority establishing Plaintiff's entitlement to the relief sought and demonstrating that service was proper." [ECF Nos. 10; 11(emphasis in original)]. Plaintiff timely filed her motion for default judgment. Her Motion includes an affidavit from her counsel, Maria del Carmen Calzon. [ECF No. 12-2]. The deadline for Defendants to respond to her Motion is July 14, 2025. However, based on the deficiencies found in her Complaint and Motion (discussed below), the Undersigned is issuing this Report and Recommendations beforehand (especially because it will not likely conflict with any potential responses to her Motion).

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a final default judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

---

[1]      On July 3, 2025, 1199 SEIU filed a motion to vacate the Clerk's Default and an opposition to Plaintiff's default judgment motion. [ECF No. 15]. In any event, for the reasons discussed below, Plaintiff's Motion should be denied.

A court may not enter a final default judgment based solely on the existence of a clerk's default. *Id*. at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the cause(s) of action. *Id*. (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-CV-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued on or before September 30, 1981 would become binding precedent in the Eleventh Circuit.

the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.   Analysis

Despite seeking a default judgment, Plaintiff's Motion contains **no** analysis, **no** caselaw, and **no** citations to the Complaint. [ECF No. 12]. Essentially, Plaintiff just states -- in unelaborated terms -- that her motion should be granted "pursuant to Federal Rule of Procedure 55(b)." [ECF No. 12, p. 1].

The Undersigned acknowledges that Local Rule 7.1(a)(1) provides that a motion for default judgment "need not incorporate a memorandum." **Nevertheless,** courts in this circuit routinely deny motions for default judgment which contain no substantive analysis. *See, e.g., Valle v. AA & K Restoration Grp., LLC*, No. 1:19-CV-20873-KMM, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) ("[A] proper motion for default judgment should 'state in . . . its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element.'" (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 6:12-cv-1486-OrL-31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013))); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 616CV2238ORL37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (denying without

prejudice a default judgment motion because it "merely assert[ed] that [the] [d]efendant is liable and focuse[d] on [the] [p]laintiff's entitlement to various remedies"); *St. Michael Press Publ'g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-CIV, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying the plaintiff's default judgment motion because, among other reasons, it failed to include a legal memorandum).

Moreover, this circuit "generally disfavor[s]" default judgments because of a "strong policy of determining cases on their merits," and district courts have "discretion" in deciding whether to enter such judgments. *Surtain*, 789 F.3d at 1244–45; *Hamm*, 774 F.2d at 1576. Simply put, the Undersigned is not inclined to bypass a required review of the merits of this action and recommend that the Court grant Plaintiff's substantively unsupported Motion solely because Defendants failed to participate in this case.

Plaintiff's Motion should also be denied because it fails to adhere to Judge Williams' Order (which requires discussion of "specific legal authority") and the Local Rule 7.3.

And the Complaint should subsequently be dismissed (albeit without prejudice) because it is a shotgun pleading.

First, the Court's Order stated:

On or before **July 28, 2025**, Plaintiff shall file a motion for final default judgment against Defendants and serve it in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure. The motion must reference **specific legal authority establishing Plaintiff's entitlement to the relief sought**

and demonstrating that **service was proper**. The motion **<u>must</u>** be
accompanied by (1) a proposed default final judgment order setting forth
the sum certain owed as money damages and the sum certain sought for
attorneys' fees and costs **supported by sufficient evidence, through
affidavits or otherwise, to establish the basis for damages and other relief
sought in the pleadings** and (2) a proposed final judgment.

[ECF No. 11 (bold and underline emphasis in original; bold emphasis added)].

Plaintiff timely filed her motion for default judgment. However, the Motion fails

to include any discussion "demonstrating that service was proper" and also fails to

reference specific legal authority (or discussion) on its entitlement to attorneys' fees. The

Motion does not include a request for attorneys' fees but the attached affidavit does,

rendering Plaintiff's request for fees improper. *See Edmundson v. City of Atlanta by &

through Turner*, 717 F. App'x 977, 978 (11th Cir. 2018) (An appellant abandons a claim

when she either makes only passing references to it or raises it in a perfunctory manner

without supporting arguments and authority. (citing *Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678, 681 (11th Cir. 2014))).

Second, with regards to Local Rule 7.3, any requests for fees and costs must:

"identify . . . the statute, rule, or other grounds entitling the moving party to the award;"

"state the amount sought;" "provide . . . the identity, experience, and qualifications for

each timekeeper for whom fees are sought;" "describe and document with invoices all

incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;" and "be

verified[.]" S.D. Fla. L.R. 7.3. Plaintiff's Motion does not include **any** of the required

information and its attached exhibit requesting fees [ECF No. 12-2] does not address the timekeeper's qualifications.

Finally, aside from the jurisdictional defects mentioned above, the Motion should be **denied without prejudice** because Plaintiff's Complaint is a shotgun pleading (which should consequently be dismissed – but without prejudice).

There are four types of shotgun pleadings:

> **The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.** The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). (footnotes omitted; emphasis added).

"The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and

the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

**Each** Count in Plaintiff's Complaint is followed by a paragraph essentially[3] stating, "[t]he foregoing paragraphs are realleged and incorporated by reference herein." [ECF No. 1, ¶¶ 44; 49; 54; 59; 62; 65; 68; 71; 74].

Additionally, her suit is against three Defendants, but her Complaint describes only one: 1199 SEIU. The "Parties" section of the Complaint describes that Defendant as: "Defendant, 1199SEIU Training And Employment Funds is one of several labor-management funds of the 1199 SEIU United Healthcare Workers East Union, a local subsidiary of the Service Employees International Union/[sic][.]" *Id.* at ¶ 6. At no point does Plaintiff elaborate on the difference between these unions—which is problematic because she specifically attributes each Count to one of those unions. However, she does address them jointly.

By addressing Defendants **jointly**, but then attributing the counts to them ***individually***, Plaintiff's Complaint falls under the second type of shotgun pleading category: one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–23. The Complaint

---

[3]    The paragraphs immediately following Counts I through III state: "Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraphs as though fully set forth herein." [ECF No. 1, ¶¶ 44; 49; 54].

does not plead enough specific factual material to put **<u>each</u>** Defendant on fair notice of the claim that is being brought against it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Therefore, the Complaint should be **dismissed** (albeit without prejudice) because it is considered a shotgun pleading. *See Weiland*, 792 F.3d at 1321–23.

## IV.   Conclusion

Accordingly, the Undersigned **respectfully recommends** that the Court **deny** Plaintiff's Motion [ECF No. 12] **without prejudice** and consequently **dismiss** her Complaint [ECF No. 1] **without prejudice**.

## V.   Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140,

149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 7,

2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record

11