UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-22272-CV-WILLIAMS

ANA M. CRUZ LEDON,

    Plaintiff,

v.

SERVICE EMPLOYEES INTERNATIONAL
UNION, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on: (1) Chief Magistrate Judge Jonathan Goodman's Report and Recommendations (DE 16) ("***Report***") on Plaintiff Ana M. Cruz Ledon's Motion for Default Judgment (DE 12) and (2) Defendant 1199SEIU Training and Employment Funds' Motion to Vacate Clerk's Default (DE 15).

Having reviewed the Report, the Parties' submissions, and noting Plaintiff's recent filing[1] requesting leave to amend the Complaint, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Goodman's Report (DE 16) is **AFFIRMED AND ADOPTED**.

---

[1] The Court notes that Plaintiff's response to Judge Goodman's Report (DE 18) was filed after the deadline to file objections. The Court reminds Plaintiff that whether a party files objections to a report and recommendation affects the standard of review. Plaintiff is expected to strictly comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, the Court's Practices and Procedures, and all Court orders.

2. Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to cure the deficiencies outlined in the Report, she must file an amended complaint **within fourteen (14) days from the date of this Order**. Because the Court is dismissing the Complaint, it will **VACATE** the Clerk's Default (DE 10) entered against Defendant 1199SEIU Training and Employment Funds. *See Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.").[2]

3. Plaintiff's Motion for Default Judgment (DE 12) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 23rd day of July, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] The Court further notes that although Defendant's conferral statement represented that Plaintiff opposed the Motion to Vacate the Clerk's Default, Plaintiff failed to file a response in opposition. Under S.D. Fla. L.R. 7.1(c), "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." The Court expects the Parties to cooperate in good faith moving forward and to avoid unnecessary motion practice.